IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MCNAIR, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| vs. | ) ON REMOVAL FROM THE CIRCUIT ) COURT OF COOK COUNTY, |
| TEMPLETON RYE SPIRITS, LLC, an Iowa limited liability company, | ) ILLINOIS ) ) Cook County Case No. 14 CH 14583 |
| Defendant. | ) |

## Notice of Removal

Defendant, Templeton Rye Spirits, LLC ("Templeton"), hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. §§1332(d) and 1453 (the Class Action Fairness Act or "CAFA") and is authorized by 28 U.S.C. §§1441, 1446, and 1453. The procedural requirements for removal have been satisfied.

### I.    The State Court Action.

1.    Plaintiff commenced a putative class action in the Circuit Court of Cook County, Illinois, on September 9, 2014, styled as *Christopher McNair, individually, and on behalf of all others similarly situated, v. Templeton Rye Spirits, LLC, an Iowa limited liability company*, case number 2014 CH 14583 (the "State Court Action"). A copy of the complaint is attached to this notice as Exhibit 1.

2.    The complaint alleges that Templeton has engaged in deceptive marketing practices and purports to assert the following causes of action: Violation of the Iowa Consumer Fraud Act (Count I), Violation of the Illinois Consumer Fraud and Deceptive

Business Practices Act ("Illinois Consumer Fraud Act") (Count II), Consumer Fraud (Count III), Fraud by Omission (Count IV), and Restitution/Unjust Enrichment (Count V).

3. The complaint further indicates that Plaintiff seeks to bring the action on behalf of himself and a putative class consisting of "[a]ll individuals in the United States who purchased a bottle of Templeton Rye" and a subclass of "[a]ll individuals in the Class who are domiciled in the State of Illinois." (Compl., ¶38).

4. For relief, Plaintiff requests certification of the lawsuit as a class action; the appointment of his counsel as class counsel; an award of the aggregated monetary, actual, consequential, and compensatory damages of the class members who purchased Templeton Rye Whiskey, pre and post judgment interest, declaratory and injunctive relief, attorneys' fees and costs; and any other relief that may be appropriate. (Compl., Request for Relief, p. 23).

## II.   Removal is proper under CAFA.

5. The State Court Action is removable under CAFA. "The language and structure of CAFA…indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012) (quotation marks omitted); *see* S. Rep. 109-14, at 43 (2005) (CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed by any defendant"); *see also* H. Rep. 108-144, at 37 (2005).

6. Under CAFA, a putative class action may be removed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (c)

the number of members in the putative classes, in the aggregate, is no less than 100. 28 U.S.C. §§1332(d)(2)(A) and (d)(5)(B).

### A. CAFA's minimum-diversity requirement is met.

7. Minimum diversity exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332 (d)(2)(A). Here, the complaint establishes that minimum diversity exists in this case.

8. Plaintiff states that he "is a natural person and citizen of the State of Illinois." (Compl., ¶5).

9. Templeton, as correctly noted in the complaint, is a limited-liability company organized under the laws of Iowa with its principal place of business located in Iowa. (Compl. ¶6). CAFA provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. §1332 (d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (an LLC is an "unincorporated association" as that term is used in 28 U.S.C. § 1332(d)(10)). Accordingly, Templeton is a citizen of the State of Iowa.

10. CAFA's minimal-diversity requirement is therefore satisfied.

### B. CAFA's amount-in-controversy requirement is satisfied.

11. CAFA jurisdiction is proper if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Under CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue for the claims of all members of the putative classes. 28 U.S.C. §1332(d)(6). The amount in controversy alleged by the plaintiff is not dispositive. *See Standard Fire Ins. Co. v.*

2085907v.1

*Knowles*, 133 S. Ct. 1345, 1350 (2013) (putative class representative's disclaimer of damages above the jurisdictional threshold is ineffective because it does not bind the putative class members). A removing party need only establish that it is not "***legally impossible***" for the amount in controversy to exceed $5 million. *Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much") (internal citations omitted). That standard is satisfied here.

12. The complaint establishes that it is not legally impossible for the amount in controversy to exceed $5 million.[1] Plaintiff alleges that the members of the putative class have purchased "hundreds of thousands of bottles of…Templeton Rye…" (Compl., ¶2). He further alleges that the members of the putative class "have suffered actual damages in the form of the full or partial retail price of Templeton Rye, typically $34.99 or more." (Compl., ¶¶52). Taking Plaintiff's own allegations at face value, if Templeton sold hundreds of thousands of bottles—meaning a minimum of 200,000 bottles—and the price of each bottle was $34.99, the putative class would have suffered damages totaling $6,998,000. In fact, to reach the $5 million threshold, Templeton would only have needed to sell 142,898 bottles of whiskey. That is far from "legally impossible," given Plaintiff's allegation that "hundreds of thousands" of bottles were sold. *Bloomberg*, 639 F.3d at 764; (Compl., ¶2).

---

[1] Templeton denies that this case is appropriate for class treatment or that they are subject to any liability. Templeton further denies that Plaintiff and/or the purported class will ultimately be entitled to recover in any amount. Templeton does not admit that, if liability is found, it will exceed $5 million. Instead, the figures set forth herein are solely for purposes of establishing that taking the facts alleged in the Complaint as true solely for purposes of this Notice of Removal, the CAFA amount-in-controversy requirement is satisfied.

2085907v.1

13. In addition, Plaintiff asserts a claim under the Illinois Consumer Fraud Act, which provides for punitive damages that should be included in the amount in controversy. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (noting that courts in Illinois have allowed punitive-damage multipliers in excess of *five times* the amount of actual damages in fraud cases). In other words, even if the aggregated actual damages of the nationwide class amounted to approximately $835,000, punitive damages could amount to an additional $4,175,000, putting the amount in controversy above the $5 million threshold. And to reach $835,000 in actual damages, Templeton would only have needed to sell 23,864 bottles of whiskey – well below the "hundreds of thousands" of bottles alleged in the complaint.

14. Plaintiff asserts in his complaint that he does not seek punitive damages "at this time." (Compl., ¶4). This is insufficient to remove punitive damages from the amount in controversy, however, absent a binding declaration that Plaintiff is waiving any and all rights to punitive damages. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511-12 (7th Cir. 2006). (Compl., ¶¶2, 4). And, as noted above, in a class action any such declaration would be binding only on Plaintiff and not the putative class members. *See Knowles*, 133 S. Ct. at 1350. Punitive damages are therefore correctly considered part of the amount in controversy notwithstanding Plaintiffs effort to exclude them.

15. Plaintiff further seeks two forms of injunctive relief. (Compl, ¶¶70, p. 23). While the amount in controversy attributable to any injunction that may be entered is not necessary to meet the jurisdictional threshold in this case, the "cost of prospective relief cannot be ignored in the calculation of the amount in controversy." *Keeling*, 660 F.3d at 274,

Accordingly, Templeton reserves the right to supplement the amount in controversy pursuant to Plaintiff's request for injunctive relief should the need arise.

16.     Finally, while the amount in controversy is established by the complaint, the jurisdictional threshold is further satisfied through the Declaration of Aaron Thompson, one of Templeton's record keepers.  Mr. Thompson states that Templeton has sold approximately 1,473,000 bottles of Templeton Rye whisky over the past five years, according to company records.  A copy of the declaration is attached to this notice as Exhibit 2.  At approximately $34.00 per bottle as alleged by Plaintiff, the amount in controversy in this matter easily exceeds $5 million.

17.     Reading facts alleged in the complaint together with the broad relief sought by Plaintiff on a class-wide basis, and the supplemental information provided by Templeton in support of removal, it is not "legally impossible" that the amount in controversy will exceed $5 million.  CAFA's amount-in-controversy requirement is therefore satisfied.

    **C.**    **CAFA's numerosity requirement is met.**

18.     Jurisdiction under CAFA is proper if the "number of members of all proposed plaintiff classes in the aggregate" is at least 100.  28 U.S.C. §1332(d)(5)(B).

19.     Plaintiff is seeking to certify a class which he alleges includes "thousands of consumers across the country…" (Compl., ¶4).  Thus, the putative class exceeds the 100 member threshold as set forth in 28 U.S.C. §1332(d)(5)(B).

### III.     All additional procedural requirements are satisfied.

20.     <u>Removal is Timely</u>.  Templeton was served on September 11, 2014.  This Notice of Removal has thus been filed within thirty (30) days of receipt of the complaint by Templeton and is therefore timely in accordance with 28 U.S.C. §1446(b)(1).

21. <u>Removal to Proper Court</u>. Venue is proper pursuant to 28 U.S.C. §§1441(a) and 1446(a) because the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where the State Court Action was originally commenced.

22. <u>Notice</u>. A copy of the Notice of Filing Notice of Removal will be timely filed with the clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. §1446(d).

23. <u>Pleadings and Process</u>. Attached as Exhibit 3 is a copy of all process, pleadings, and orders received by Templeton in the State Court Action (other than the complaint attached as Exhibit 1) pursuant to 28 U.S.C. §1446(a).

24. <u>Consent</u>. Templeton is the only defendant; there are no other defendants whose consent is required for removal. Regardless, the consent of all defendants is not necessary for removal under CAFA. *See* 28 U.S.C. §1453(b) ("A class action…may be removed by any defendant without the consent of all defendants").

25. <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. §1446(a).

26. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(d) and 1453 and the claims may be removed to this Court under 28 U.S.C. §§1441, 1446, and 1453.

27. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Templeton respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

For the reasons stated above, this case is hereby removed from the Circuit Court of Cook County, Illinois to this Court.

Dated: September 24, 2014

Respectfully submitted,

**Templeton Rye Spirits, LLC**

By: /s/ Simon Fleischmann
      One of its Attorneys

Thomas J. Cunningham (6215928)
*tcunningham@lockelord.com*
Simon Fleischmann (6274929)
*sfleischmann@lockelord.com*
David F. Standa (6300942)
*dstanda@lockelord.com*
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-0700

2085907v.1